IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITES STATES OF AMERICA,
ex rel. Rosalind L. Wynne,

        Plaintiff,
vs.                                **Case No. 05-4035-RDR**

BLUE CROSS BLUE SHIELD
OF KANSAS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Rosalind L. Wynne brings a qui tam action against Blue Cross Blue Shield of Kansas (BCBS), Inc. pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733.  Wynne was employed by BCBS from August 31, 1964 to February 13, 1996 in its Government Programs division.  This matter is presently before the court upon BCBS' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

On April 21, 2006 the court considered BCBS' motion for judgment on the pleadings.  <u>United States ex rel. Wynne v. Blue Cross and Blue Shield of Kansas, Inc.</u>, 2006 WL 1064108 (D.Kan. 2006).  At that time, the court concluded that Wynne's complaint did not sufficiently plead fraud under the FCA in any of the nine counts set forth in the

complaint. Id., at * 8. Rather than dismiss the complaint, the court allowed Wynne to file an amended complaint. Id. Wynne has since done so, and BCBS has responded with the instant motion. Having carefully considered the arguments raised by the parties concerning the amended complaint, the court is now prepared to rule.

In the instant motion, BCBS contends that Wynne's amended complaint should be dismissed because her allegations, even with the addition of some further details, fail to satisfy Fed.R.Civ.P. 9(b). BCBS further argues that some of Wynne's claims should be dismissed due to the application of the statute of limitations.

Wynne responds that the amended complaint is sufficient to put the defendant on notice of the alleged fraud and to permit them to prepare a defense. She asserts that the Rule 9(b) standards should be relaxed because she has limited access to BCBS' internal documents. Wynne also suggests, in the alternative, that she should be allowed to conduct discovery on her claims prior to dismissal. Finally, she seeks to amend her complaint again if the court finds she has not satisfied Rule 9(b).

The court carefully analyzed each of the claims asserted by Wynne in our prior order. The court shall not reiterate those claims in this opinion. In her amended complaint, Wynne has added some

detail to all counts except Count IX, but the claims remain as previously stated by the court.  Although the court does not necessarily agree with the conclusions reached by Wynne, the court does agree with the following summary of Wynne's claims as set forth by her in her response to the instant motion:  "In this case the Relator has sufficiently identified the scheme of the fraudulent behavior in which defendants allegedly engaged in, that is, processing provider claims in a manner that fraudulently induced the government to pay for provider claims it would not have had to pay for had proper processing been performed as well as submitting claims for payment of processing not properly performed to contractual requirements."  In sum, Wynne alleges (1) BCBS processed provider claims in a fraudulent manner and thus its requests for reimbursement were fraudulent; and (2) the federal government paid provider claims it would not have paid but for BCBS' misconduct.

BCBS initially asserts that Wynne has not alleged a claim premised on false certification of compliance with legal or contractual requirements.  BCBS next argues that Wynne has failed to state a claim based on improper payments to providers.

False certification of compliance with a statute, regulation or guideline, whether express or implied, may constitute a violation of

the FCA. Shaw v. AAA Engineering & Drafting, Inc., 213 F.3d 519, 531 (10th Cir. 2000). However, liability under the FCA for a false or fraudulent certification of compliance with administrative directives exists only if certification of such compliance influenced the government's payment decision. Mikes v. Straus, 274 F.3d 687, 697 (2nd Cir. 2001).

The alleged misconduct in Wynne's amended complaint would not have disqualified BCBS from payment. HCFA is authorized to establish performance criteria and standards for intermediaries and carriers. 42 U.S.C. §§ 421.120, 421.121, 421.201. The regulations do not require a contractor's perfect compliance with such criteria and standards as a condition for payment for services provided. Rather, the agency has broad discretion to address an intermediary's or carrier's failure to satisfy those requirements in the manner it seems appropriate in the circumstances. 42 C.F.R. §§ 421.124(a), 421.203(a). Because compliance is not a precondition for payment, BCBS' alleged violation of HCFA performance criteria and standards does not provide a basis for liability.

Wynne also suggests that BCBS is liable under the FCA for those claims that would not have been paid but for BCBS' fraudulent processing. All of the claims made by Wynne in her amended complaint

4

based upon this theory must fail because she had failed to identify a single provider claim within the limitations period that would not have been paid but for BCBS' alleged misconduct. During the course of the amended complaint, she only speculates that such payments would not have been made during the time that BCBS engaged in the various noted misconduct.

Wynne correctly points out that Rule 9(b) does not require a description of all the evidence supporting a fraud claim. The rule is designed merely to afford a defendant fair notice of the plaintiff's claims and the factual ground upon which they are based. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir. 2000). However, after a careful review of the amended complaint, the court must agree with BCBS that Wynne has failed to satisfy Rule 9(b). As indicated in our prior order, a complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequence thereof. See United States ex rel. Schwartz v. Coastal Healthcare Group, 232 F.3d 902, 2000 WL 1595976 at * 3 (10th Cir. 2000). Wynne's amended complaint is insufficient in all of these requirements. The amended complaint does little to add to the original complaint. The allegations in a nutshell suggest that BCBS engaged in a scheme or

methodology that could have violated the FCA. The complaint and the amended complaint, however, address only in conclusory terms the submission of false or fraudulent claims to the government. Throughout the complaints, Wynne suggests that the actions of BCBS led to the filing of false and fraudulent claims. Such blanket allegations fail to give BCBS proper notice of the alleged fraud. Liability under 3729(a) attaches when a person knowingly presents to the federal government a "false or fraudulent claim for payment or approval" or when they knowingly use a "false record or statement to get a false or fraudulent claim paid or approved" by the government. See 31 U.S.C. 3792(a)(1) and (a)(2). Wynne fails in the amended complaint to identify one false or fraudulent claim submitted by BCBS to the government. Wynne only suggests a methodology or scheme by which BCBS could have violated the False Claims Act. That is simply insufficient under Rule 9(b). Schwartz, 2000 WL 1595976 at ** 5-6.

A recent decision by the Tenth Circuit, United States ex rel. Sikkenga v. Regence Blue Cross/Blue Shield of Utah, 2006 WL 3491784 (10th Cir. 2006), supports this conclusion. In Sikkenga, the relator in a qui tam action asserted FCA claims similar to those raised by the plaintiff here. She alleged that Regence fraudulently avoided administrative score reductions and thus submitted claims for

6

administrative costs as though conforming services had been provided. The relator further alleged that Regence obtained contract renewals by avoiding administrative reductions. In both instances, the district court found that the relator failed to identify particular claims that were allegedly false under Rule 9(b). The Tenth Circuit agreed, and the comments made by the court are equally applicable here:

> Liability under the FCA requires a false claim-a "defendant's presentation of a false or fraudulent claim to the government is a central element of every False Claims Act case." <u>United States ex rel. Karvelas v. Melrose-Wakefield Hosp.</u>, 360 F.3d 220, 232 (1st Cir. 2004); see also <u>United States ex rel. Clausen v. Lab. Corp. of Am.</u>, 290 F.3d 1301, 1311 (11th Cir. 2002); <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 785 (4th Cir. 1999). "Underlying schemes and other wrongful activities that result in the submission of fraudulent claims are included in the 'circumstances constituting fraud and mistake' that must be pled with particularity under Rule 9(b)." <u>Karvelas</u>, 360 F.3d at 232. However, unless such pleadings are "linked to allegations, stated with particularity, of the actual false claims submitted to the government," <u>id</u>., they do not meet the particularity requirements of Rule 9(b). We agree with our sibling circuit, that:
>> Rule 9(b)'s directive that 'the circumstances constituting fraud and mistake shall be stated with particularity' does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payment must have been submitted, were likely submitted or should have been submitted to the

>       Government.
>
> Clausen, 290 F.3d at 1311.  We conclude that Sikkenga's
> complaint falls woefully short of adequately pleading that
> false or fraudulent claims were submitted by Regence. As
> stated by the First Circuit, to satisfy Rule 9(b)' s
> requirements:
>
>>     [A] relator must provide details that identify
>>     particular false claims for payment that were
>>     submitted to the government. In a case such as
>>     this, details concerning the dates of the
>>     claims, the content of the forms or the bills
>>     submitted, their identification numbers, the
>>     amount of money charged to the government, the
>>     particular goods and services for which the
>>     government was billed, the individuals involved
>>     in the billing, and the length of time between
>>     the alleged fraudulent practices and the
>>     submission of claims based on those practices
>>     are the types of information that may help a
>>     relator to state his or her claims with
>>     particularity. These details do not constitute
>>     a checklist of mandatory requirements that must
>>     be satisfied for each allegation included in a
>>     complaint. However, like the Eleventh Circuit,
>>     we believe that "some of this information, for
>>     at least some of the claims must be pleaded in
>>     order to satisfy Rule 9(b)."
>
> Karvelas, 360 F.3d at 232-33 (footnotes omitted) (citing
> Clausen, 290 F.3d at 1312 n.21).  Sikkenga neither alleges
> the specifics of any actual claims submitted under either
> of her two theories, nor pleads any false certifications
> upon which she premises her claim under her first theory
> for failing to perform in accordance with the contract,
> but submitting claims for payment as if Regence had.

Sikkenga, 2006 WL 3491784 at * 18.

Therefore, the court shall dismiss Wynne's claims with prejudice.  The court shall not allow Wynne to amend her complaint

yet again or conduct additional discovery. She has had ample opportunities to provide the court with a complaint that complies with Rule 9(b) and has failed to do so. The court is not inclined to allow another opportunity. The court has previously noted the Tenth Circuit's aversion to allowing discovery through a relaxed pleading standard under Rule 9(b). See Wynne, 2006 WL 1064108 at * 3(quoting Schwartz, 2000 WL 1595976 at ** 3-4).

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss plaintiff's amended complaint (Doc. # 57) be hereby granted. Plaintiff's amended complaint shall be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS SO ORDERED.**

Dated this 8th day of December, 2006 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge